IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENIC VALLEY VIEW, L.L.C., an Idaho limited liability company,<br><br>            Plaintiff,<br><br>    v.<br><br>RIDGEWAY HOLDINGS, LLC, an Idaho limited liability company; ESTATE OF GEORGE MCDANIEL and WENDY MCDANIEL, its PERSONAL REPRESENTATIVE, the successor(s) to George McDaniel, deceased, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for AMERICA WEST BANK, LC, dba AMERICA WEST BANK, a Utah limited liability company.<br><br>            Defendant. | Case No. CV 09-439-E-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR INTERVENTION OR CONSOLIDATION (DKT. 6)**<br><br>**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT (DKT. 21)** |

## REPORT

On January 29, 2010, Plaintiff Scenic Valley View, LLC ("Plaintiff") filed a

motion for summary judgment. (Docket No. 21.) On February 16, 2010, Defendants

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 1**

Ridgeway Holdings, LLC, the Estate of George Z. McDaniel, and the Federal Deposit Insurance Corporation as receiver for America West Bank, L.C. filed notices of non-opposition to the Plaintiffs motion for summary judgment. (Docket Nos. 24, 25.) Herbert Paschen ("Intervenor") also has filed a motion seeking intervention and/or consolidation of this matter with another case. (Docket No. 6.) Intervenor requested that his motion be ruled upon prior to the Court deciding the motion for summary judgment. (Docket No. 32.) Both matters are now ripe for review.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be aided significantly by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1.

## I. FACTS

There is no dispute as to the facts set forth in Plaintiff's Memorandum in Support of Summary Judgment. (Docket No. 21-1.) The Court will therefore only briefly set forth the facts here. Defendant Ridgeway, an Idaho Limited Liability Company managed by member Defendant McDaniel, purchased property in Bonneville County (the "Bonneville Property") and executed a promissory note secured by a mortgage, security agreement, assignment of leases, rents and profits and fixture filing dated May 13, 2005, in favor of Scenic Valley in the principal amount of $1,240,000. Defendant McDaniel executed a guaranty of the note and mortgage. Scenic Valley recorded its mortgage, and thereafter

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 2**

Defendant America West Bank recorded a second-position mortgage on a portion of the Bonneville Property.

Defendant Ridgeway defaulted on the mortgage, and Scenic Valley filed a complaint on December 4, 2008, seeking to foreclose its mortgage, in the District Court of the Seventh Judicial District of the state of Idaho, in and for the County of Bonneville, Case Number CV-2008-7561. On April 2, 2009, Scenic Valley filed a motion for judgment on the pleadings. Defendants did not oppose this motion. On May 11, 2009, The Honorable Joel E. Tingey entered an Order granting partial judgment on the pleadings providing that Plaintiff Scenic Valley's mortgage was paramount in time and superior in right to each of Defendants' claims against the real property and granting Plaintiff Scenic Valley the right to foreclose its mortgage once the balance due on the Note was determined. The state court order states, in relevant part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED
> AS FOLLOWS:
>
> The amount of the Indebtedness claimed by plaintiff Scenic Valley View, L.L.C. ("Scenic Valley") remains in dispute and shall be stipulated or adjudicated hereafter at trial or upon motion.  As to all other allegations and prayers for relief, the Court hereby GRANTS Scenic Valley's Motion for Rule 12(c) Judgment on the Pleadings . . . .

On May 22, 2009, the FDIC moved to substitute itself as the receiver for America West Bank, which motion was granted on June 9, 2009, and a ninety-day stay imposed commencing June 10, 2009. On September 8, 2009, this suit was removed by the FDIC as receiver from Defendant America West Bank from the Idaho state court to this Court.

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 3**

Intervenor Herbert Paschen filed his motion to intervene and/or consolidate on September 8, 2009. (Docket No. 6.) Intervenor asserts that the parties, facts and claims in this case (hereafter identified as "Case One," referred to as "Pending Case" by Intervenor) are the same as that in another case (hereafter identified as "Case Two," referred to as "Current Case" by Intervenor) and is related to Scenic Valley's foreclosure of its mortgage against the Bonneville Property. Intervenor represented that the case number of Case Two is CV 09-1954. Scenic Valley argued that Intervenor did not appropriately identify the federal case he wished to consolidate, yet identified the "state court filing" as *Paschen v. Estate of George McDaniel, et. al.*, Case No. 09-1954 filed on or about April 9, 2009. (Opp. at 2, Docket No. 9.)

A cursory review of the Court's dockets reveal that *Paschen v. Estate of George McDaniel*, *et. al.*, Bonneville County Case No. 09-1954, was removed to this Court on October 5, 2009, and was filed as Case No. CV 09-502-E-BLW. Pursuant to Fed. R. Evid. 201(b) and (c), the Court takes judicial notice of its own case files, and the record in Case Two, identified as Case No. CV 09-502-E-BLW.

While the two matters were pending in state court, Intervenor brought a motion in Case Two, which was before The Honorable Jon Shindurling, to consolidate Case Two with Case One, which was at that time before state District Judge Tingey. The Honorable Jon Shindurling heard Intervenor's motion to consolidate on April 27, 2009, and "declined to rule on the motion to consolidate," but held that "the parties are free to bring the matter before Judge Tingey in CV-2008-7561." (Minutes, Docket No. 1-9, Case No.

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 4**

CV 09-502-E-BLW.) Thereafter, Case One was removed to this Court, and Intervenor filed his motion on September 8, 2009, for consideration by the undersigned United States Magistrate Judge.

The basis for intervention and/or consolidation is better understood by reference to the Verified Complaint and proceedings in Case Two. (Docket No. 1-15, 23, Case No. CV 09-502-E-BLW.) According to the Complaint in Case Two, Intervenor and McDaniel formed Fox Creek holdings, LLC, for the purpose of investing in and developing real property. Fox Creek obtained a loan from America West to purchase property in Teton County, Idaho (the "Teton Property") in the principal amount of $3.5 million. Fox Creek executed a promissory note secured by a mortgage on the Teton Property in favor of America West, and McDaniel and Intervenor executed a guaranty of the note and mortgage. America West also secured the note with a mortgage on the Bonneville Property.

On or about October 14, 2008, America West declared Fox Creek in default based in part upon alleged misrepresentations in McDaniel's financial statements. America West commenced a foreclosure action to foreclose its mortgages against both the Teton Property and the Bonneville Property.

In Case Two, Intervenor sued the Estate of George McDaniel, Ridgeway Holdings, LLC, America West Bank, and Scenic Valley, the same parties who are Defendants and Plaintiff in this action. Intervenor asserts six claims against the defendants in Case Two, alleging breach of fiduciary duty by the McDaniel Estate for submitting false financial

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 5**

statements to secure the loan to Fox Creek; fraud and conspiracy against the McDaniel Estate, Ridgeway, and Scenic Valley; negligence against America West Bank for its failure to inquire about McDaniel's financial position; breach of contract and indemnification against the McDaniel Estate; and finally, an injunction and temporary restraining order against Scenic Valley, Ridgeway, and McDaniel to halt the foreclosure action in this case. Intervenor contends that Defendants Scenic Valley, Ridgeway, and McDaniel conspired together in Case One to transfer the Bonneville Property for less than its fair market value, leaving the Teton Property, worth only $2 million, as security for America West's $3.5 million loan and exposing Intervenor to a deficiency and personal judgment on the guaranty. (Compl. 24, Docket No. 23, Case No. 09-502-E-BLW.)

On June 8, 2009, Judge Shindurling granted Scenic Valley's motion to dismiss in Case Two, and thereafter Scenic Valley sought costs and fees as well as Rule 11 sanctions against Intervenor Paschen. (Docket No. 1-14, Case No. 09-502-E-BLW.) Judge Shindurling granted Scenic Valley's motion, imposing sanctions under Rule 11(a)(1) against Intervenor's attorney and awarding fees and costs to Scenic Valley. (Docket No. 1-13, Case No. 09-502-E-BLW.) After Case Two was removed to this Court, Intervenor filed a motion for reconsideration of the order awarding fees, which this Court denied. (Docket No. 14, Case No. 09-502-E-BLW.) A case management order was entered on January 4, 2010. (Docket No. 13, Case No. 09-502-E-BLW.)

## II.   ANALYSIS

### A.   Motion to Intervene

Federal Rule of Civil Procedure 24 allows an applicant to intervene either as of right or permissively. An applicant may intervene as of right if the applicant meets four requirements: (1) "the applicant must timely move to intervene"; (2) "the applicant must have a significantly protectable interest related to the property . . . that is the subject of the action"; (3) the applicant must prove that "the disposition of the action may impair or impede" the applicant's ability to protect that interest; and (4) "the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir.2003) (citation omitted); *see* Fed.R.Civ.P. 24(a)(2).

An applicant who seeks permissive intervention under Rule 24(b)(1)(B) must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.1998). The Court must also consider "whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id. See* Fed.R.Civ.P. 24(b)(3). Even if an applicant has proven independent jurisdiction and therefore meets the requirements for permissive intervention, a court has discretion to deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.1998).

Intervenor argues that the above standards for either intervention of right or permissive intervention are met because he claims an interest in the Bonneville Property

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 7**

that is security for the $3.5 million loan from America West to Fox Creek that Intervenor personally guaranteed. He contends that the parties in this case are attempting to transfer the Bonneville County Property, worth $3 million, to Scenic Valley for less than fair market value in satisfaction of Scenic Valley's $950,000 claim. Finally, Intervenor asserts that the transfer will impede and impair his ability to protect his interest in the Bonneville Property and defend against a deficiency and personal liability to America West. (Application at 4, Docket No. 6.)

The Court can find no discernable interest possessed by Intervenor related to the Bonneville Property and the foreclosure action in this matter. Scenic Valley seeks to foreclose its mortgage on the Bonneville Property, which mortgage the state District Court determined had priority over the mortgage held in the same property by America West. According to the allegations in the Verified Complaint in Case Two, Intervenor possesses no ownership interest in the Bonneville Property, and there are no common factual claims between the two cases. The fraud claim and request for temporary injunction asserted by Intervenor in Case Two against Scenic Valley were dismissed. The only discernable relationship between the two cases is the security interest shared in the Bonneville Property by Scenic Valley and America West. But the creditors extended two entirely different loans to two different debtors. And Intervenor can adequately protect his interest, which appears to be obtaining fair market value for the Bonneville Property, under state law. *See* Idaho Code § 11-304 (providing for sales of property under

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 8**

execution to be made at auction, to the highest bidder).[1]

Intervenor contends that "all of the questions of law and fact in the Current Case [Case Two] and the Pending Case [Case One] are the same." (Application at 5, Docket No. 6.) Intervenor cites no examples, however. The Court fails to identify common questions of law and fact between the two cases. This matter involves the foreclosure of a loan, the priorities of creditors, and the amount of indebtedness. At this juncture, the Court is tasked with determining the amount of indebtedness owed by the debtors to Scenic Valley. Case Two, however, involves tort and breach of contract claims associated with a different loan extended by America West to a different debtor. The only common thread between the two actions is McDaniel as guarantor of both loans and the shared security interest in the Bonneville property by the two creditors. But there are no common questions of law or fact between the cases, and they involve entirely different claims.

As for Intervenor's claims of a secret deal, this matter appears to be an ordinary foreclosure action. And, the Court notes that Judge Shindurling, in the Order for sanctions and attorney fees in Case Two, commented on Intervenor's claims as follows:

> Plaintiff [Paschen] is not a party to either of the foreclosure lawsuits. However, he claims he feared that the parties to the other lawsuits had reached a secret deal, apparently absolving the other debtors of their obligations and leaving Plaintiff liable for the balance of Fox Creek's debts. Plaintiff filed this lawsuit, seeking an injunction to prevent the parties from carrying out the foreclosure sales. . . .

---

[1] For instance, either Intervenor or America West could bid at the auction in the amount of the debt owed to Scenic Valley in an attempt to realize additional proceeds from the Bonneville Property at a future sale.

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 9**

> Scenic West [sic] filed a 12(b)(6) motion to dismiss this case, which came before this court on May 13, 2009. At the hearing counsel for Scenic West [sic] and American [sic] West affirmed that there was no secret deal. At that point Plaintiff [Paschen] assented to the dismissal. This court dismissed Scenic West [sic] from the lawsuit. . . .

(Opinion, Decision and Order, Docket No. 1-13, Case No. CV 09-502-E-BLW.)

Based upon the above conclusions, the Court finds the requirements for intervention as a matter of right and permissive intervention are not met. Therefore, Intervenor's motion to intervene will be denied.

### B. Motion for Consolidation

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." One of the purposes of Rule 42 consolidation is to make litigation of related matters more convenient for the parties and the Court. But Rule 42(a) sets forth no situations in which consolidation must be granted. Rather, "[t]he district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir.1989). The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D.Cal. 2007).

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 10**

For the reasons previously discussed, the Court finds that consolidating Case One and Case Two would complicate adjudication of this relatively straight forward foreclosure action and fail to serve any purpose other than delay and confusion. There are no common questions of law or fact, and consolidation of these matters would therefore be inappropriate. The Court declines to exercise its discretion in favor of consolidation and Intervenor's motion will be denied.

### C.    Motion for Summary Judgment

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, which provides, in pertinent part, that judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court will not disturb the Idaho state court's ruling, which is in the Court's record as Docket No. 1-26.  *See Resolution Trust Corp., v. BVS Dev.*, 42 F.3d 1206, 1212 (9th Cir. 1994) (stating that upon removal, the district court must treat a prior state judgment "as though it had been validly rendered in [a] federal proceeding").  The issue before this Court on Scenic Valley's motion for summary judgment is the amount of the indebtedness.

Scenic Valley asserts that the principal and interest balance owing on the Note as of January 15, 2010, is $801,198.32, with interest accruing at the rate of 7% in the amount of $203.74 per day until judgment is entered by the Court.  (Aff. of Longhurst ¶ 3, Ex. A, Docket No. 21-3.) Defendants, by filing their notice of non-opposition to Scenic

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 11**

Valley's motion, do not dispute that amount. Therefore, there is no disputed issue of material fact and judgment may be rendered as a matter of law.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that**:

1) Intervenor Herbert Paschen's Motion to Intervene or Consolidate (Docket No. 6) is **DENIED**.

## RECOMMENDATION

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY RECOMMENDED that**:

1) Plaintiff's Motion for Summary Judgment (Docket No. 21) be **GRANTED** and the Plaintiff be asked to submit a proposed form of Judgment for execution by the Court.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: May 24, 2010

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER/REPORT AND RECOMMENDATION - 12**