UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENIC VALLEY VIEW, L.L.C., an Idaho limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>RIDGEWAY HOLDINGS, LLC, an Idaho limited liability company; ESTATE OF GEORGE MCDANIEL and WENDY MCDANIEL, its PERSONAL REPRESENTATIVE, the successor(s) to George McDaniel, deceased, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for AMERICA WEST BANK, LC, dba AMERICA WEST BANK, a Utah limited liability company.<br><br>        Defendant. | Case No. 4:09-CV-439-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

# **REPORT**

Before the Court is Plaintiff Scenic Valley View, LLC's Motion for Attorney Fees

filed on July 14, 2010. (Dkt. 38.) Scenic Valley requests an award of $52,101.00 in

**REPORT AND RECOMMENDATION - 1**

attorney fees.[1] No opposition to the motion was filed.

Although this matter was initially contested (*See* Ans. Dkt. 1-7), Scenic Valley filed a Motion for Summary Judgment on January 29, 2010, (Dkt. 21) seeking foreclosure and finding of the balance owing on its promissory note, which motion was not opposed (*See* Report and Recommendation, Dkt. 33). The Court recommended that summary judgment be entered in favor of Scenic Valley, and a judgment be entered allowing foreclosure and finding the balance owing on the Note to be $801,198.32 plus accrued interest. The District Judge adopted the Court's Report and Recommendation and entered a Judgment on July 1, 2010. (Dkt. 35.)

Despite the lack of an opposition, Dist. Idaho Loc. Civ. R. 54.2 mandates that claims for attorney fees are not to be treated as routine items of costs, and attorney fees will be allowed only upon an order of a judge "after such fact-finding process as the judge orders." Accordingly, the court must determine whether Scenic Valley is entitled to attorney fees, and if the fees are reasonable, even though no defendant appeared to contest them.

## 1. Entitlement to Attorney Fees

This matter involved Scenic Valley's attempt to foreclose a mortgage on certain real property located in Bonneville County. On July 1, 2010, the Court entered judgment

---

[1] Scenic Valley actually incurred $60,096.00 in attorney fees, but has already recovered $7,995.00 of those fees. *See Paschen v. Estate of George McDaniel*, *et. al.*, Bonneville County Case No. 09-1954, which was removed to this Court on October 5, 2009, and filed as Case No. 4:09-cv-502-BLW. Therefore, it is requesting the balance of its fees in this matter.

**REPORT AND RECOMMENDATION - 2**

in favor of Scenic Valley and ordered the relief that Scenic Valley sought. First, the Court found that Scenic Valley had a priority mortgage on the property. Second, the Court entered judgment for the total indebtedness secured by the mortgage on the property. Third, the Court ordered the sale of the property and found that Defendants had breached their obligations, and Scenic Valley could pursue them for any deficiency after the sale. And finally, the Court found that the total amount of indebtedness secured by the Mortgage "is $811,181.80 . . . and any other fees and costs incurred in this action under the terms of the Note and Mortgage." (Dkt. 36.)

Scenic Valley seeks to recover its fees under the terms of the Promissory Note and Mortgage, both of which contained fee provisions. The Mortgage stated that borrower "shall pay to Lender on demand any and all expenses, including legal expenses and attorney's fees, incurred or paid by Lender in protecting its interest in the Property." (Compl. Ex. B, Dkt. 1.) The Note required borrower to "pay all reasonable fees and expenses of lender, including, without limitation, reasonable attorney's fees" in the event of a foreclosure. (Compl. Ex. A, Dkt. 1.) And finally, the Guaranty signed by George McDaniel also provided that "Guarantor shall pay reasonable attorney fees and all other reasonable costs and expenses which may be incurred by Lender in the enforcement of this Guaranty." (Compl. Ex. C, Dkt. 1.)

Scenic Valley was involved in this lawsuit as well as two other related lawsuits in its attempt to foreclose its mortgage. The contractual provisions governing the loan transaction all permit an award of attorney fees incurred by Scenic Valley in protecting its

**REPORT AND RECOMMENDATION - 3**

interest in the property. The contractual provisions in the Mortgage are broad enough to include fees and costs incurred as a general matter in protecting its interest in the real property, and are not limited to actions taken only in this lawsuit. Therefore, under the terms of its agreement, Scenic Valley is entitled to its attorney fees. In addition, as this matter involved an action to recover on a note and guaranty, and it falls within the definition of a commercial transaction as that term is defined by Idaho Code § 12-120(3), Idaho law would permit recovery of a reasonable attorney's fee to the prevailing party, in this case Scenic Valley.

The Court therefore finds Scenic Valley is entitled to an award of reasonable attorney fees.

**2. Reasonableness of Attorney Fees**

Upon determining Scenic Valley is entitled to attorney fees, the contract requires the Court to determine a "reasonable" fee award. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424 (1983); *HPSC, Inc. v. Porter*, No. CV 08-084-PHX-DGC, 2008 WL 942288 *3 (D. Ariz. April 7, 2008) (awarding a reasonable fee upon entry of default); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, No. CV 06-320-S-LMB, 2007 WL 269084 at *5 (D. Idaho Jan. 25, 2007) (awarding reasonable attorney fees upon default after counsel provided the necessary supporting documentation required under Fed. R. Civ. P. 54). Mr. Radford and others in his office spent 329.5 hours at hourly rates of $185 per hour and $160 per hour. The rates charged are on the low end of prevailing Idaho attorney hourly rates considered by the Court in other cases. *See Simplot v. Nestle*, No. CV 06-141-S-EJL-CWD, Order at

**REPORT AND RECOMMENDATION - 4**

18 (July 20, 2009) (noting that managing case partners in Boise with thirty years of experience typically charge $250-$300 per hour, and paralegals with five or more years of experience $70-$100 per hour).

The Court has throughly examined the time documented by Mr. Radford and others in his firm. Considering the lower than average hourly rate charged by Mr. Radford and others in his firm, and that the time spent on the case was unusual in that two other actions were filed related to this matter requiring a commitment of time and resources to protect its property interest in this case, the resulting $52,101.00 in requested attorney fees is reasonable.

Accordingly, the Court recommends an award of $52,101.00 in attorney fees to Scenic Valley, and that the Judgment be amended accordingly.

**REPORT AND RECOMMENDATION - 5**

# **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Plaintiff's Motion for Attorney Fees (Dkt. No. 38) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 13, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge